B1 (Official Form 1)(4/10)

# United States Bankruptcy Court
## Northern District of Illinois

**Voluntary Petition**

| | |
|---|---|
| **Name of Debtor** (if individual, enter Last, First, Middle):<br>**Dalton, Thomas P** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all)<br>**xxx-xx-7383** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**16309 W. 135th Street**<br>**Lemont, IL**<br>ZIP Code **60439** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**6930 W. 79th Street**<br>**Burbank, IL 60459** | |

**Type of Debtor** (Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

**Tax-Exempt Entity** (Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter)*.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Dalton, Thomas P** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X_____<br>Signature of Attorney for Debtor(s)   (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Dalton, Thomas P** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X /s/ Thomas P Dalton**
Signature of Debtor **Thomas P Dalton**

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**August 16, 2011**
Date

### Signature of Attorney*

**X /s/ David P. Lloyd**
Signature of Attorney for Debtor(s)

**David P. Lloyd**
Printed Name of Attorney for Debtor(s)

**Grochocinski Grochocinski & Lloyd**
Firm Name

**1900 Ravinia Pl.**
**Orland Park, IL 60462**

Address

**708-226-2700  Fax: 708-226-9030**
Telephone Number

**August 16, 2011**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Thomas P Dalton**                                                                Case No.
                                        Debtor(s)                                           Chapter    **7**

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont. Page 2

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Thomas P Dalton**
**Thomas P Dalton**

Date: **August 16, 2011**

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Thomas P Dalton**  
Debtor(s)

Case No.  
Chapter  **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:** -NONE- | **Describe Property Securing Debt:** |

Property will be (check one):  
☐ Surrendered           ☐ Retained

If retaining the property, I intend to (check at least one):  
☐ Redeem the property  
☐ Reaffirm the debt  
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):  
☐ Claimed as Exempt          ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** -NONE- | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ YES   ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **August 16, 2011**          Signature  **/s/ Thomas P Dalton**  
                                              **Thomas P Dalton**  
                                              Debtor

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Thomas P Dalton**                                       Case No.
                              Debtor(s)                          Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept                  $  **3,000.00**
   Prior to the filing of this statement I have received        $  **3,000.00**
   Balance Due                                                  $       **0.00**

2. The source of the compensation paid to me was:

   ■ Debtor     □ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor     □ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   □ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **All services required by Local Rule 2090-5.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
      **Adversary proceedings.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **August 16, 2011**              **/s/ David P. Lloyd**
                                           **David P. Lloyd**
                                           **Grochocinski Grochocinski & Lloyd**
                                           **1900 Ravinia Pl.**
                                           **Orland Park, IL 60462**
                                           **708-226-2700  Fax: 708-226-9030**

## ATTORNEY / CLIENT RETENTION AGREEMENT

Internal File No. _____

| | |
|---|---|
| **CLIENT(s)** | NAME(s): Thomas P. Dutton<br>ADDRESS: 16309 W. 135th Street, Lemont, IL<br>LAST FOUR DIGITS OF SSN(s):   xxx-xx-7383    xxx-xx-_____ |
| **ATTTORNEY** | GROCHOCINSKI, GROCHOCINSKI & LLOYD, LTD., ATTORNEYS AT LAW<br>1900 RAVINIA PLACE, ORLAND PARK, ILLINOIS 60462-3760<br>708-226-2700   (FAX) (708-226-9030)   (EMAIL) lawyers@ggl-law.com<br><br>Individual attorney primarily responsible for client's representation herein:<br><br>[ ] David Grochocinski    [X] David Lloyd    [ ] Ariane Holtschlag    [ ] Kathleen McGuire |
| **PURPOSE** | Client engages Attorney to furnish basic information, insight gained from experience, advice, legal counsel and representation in connection with Client's decision to seek a discharge of debt(s) in Chapter 7 bankruptcy proceedings. |
| **FEE** | Client agrees to pay Attorney an *advance payment retainer* of $ 2,200.00 . Ownership of Client's payment will pass to Attorney upon receipt, subject to exceptions noted below. Attorney will deposit Client's payment to a general deposit account and will not hold Client's payment in trust for Client's benefit or further disposition. **Client acknowledges Attorney explained the differences between classic, security and advance payment retainers prior to payment, and informed Client he could insist on employing another attorney via a security or alternative form of retainer.** The advance payment retainer must be paid in full prior to the filing of Client's petition in bankruptcy. Attorney will be under no duty to file Client's petition in bankruptcy until the advance payment retainer is paid in full. |
| **WHEN DUE** | Client shall pay the advance payment retainer to Attorney in full upon acceptance or as soon after acceptance hereof as possible. This Agreement shall not be deemed accepted by either party until he, she, they or it signs. Attorney shall be under no obligation to accept less than full payment of the advance payment retainer from Client prior to commencing the services for which Client has contracted. Attorney shall be under no obligation to escrow Client's partial payment of the advance payment retainer or otherwise accept Client on a "lay-away" basis. Payment of the advance payment retainer shall preferably take the form of a check, certified check, cashier's check or money order payable to the order of "Grochocinski, Grochocinski & Lloyd, Ltd." |
| **COSTS** | Attorney represents the Clerk of the United States' Bankruptcy Court currently charges $299.00 to docket a Chapter 7 petition in bankruptcy. This charge will be paid out of and from the advance payment retainer Client tenders. If or in the event Client terminates Attorney before the petition in bankruptcy is filed Attorney agrees to refund to Client the unexpended $299.00 docketing charge and that portion of the balance of the advance payment retainer not otherwise earned. Attorney's time shall be valued at $375.00 per hour for purposes of calculating any refund due Client. Client agrees Attorney may take up to 60 days to calculate and return any refund due Client. |
| **OTHER EXPENSES** | Client must undergo and complete a credit-counseling course prior to the filing of any petition in bankruptcy and a financial management course following the filing of the petition in bankruptcy. These courses are not furnished by Attorney, and must be sought from outside, third-party vendors at additional charge. Client agrees it will directly engage the vendors and pay the requisite charges associated with these educational courses, and that no part thereof shall be subtracted from the advance payment retainer Client pays Attorney. Client agrees to reimburse Attorney for extraordinary postage, delivery, parking, telephonic, photocopying, stenographic and other expenses associated with or otherwise necessitated by the preparation and filing of Client's petition in bankruptcy. |
| **COMMUNICATIONS** | Client authorizes and grants Attorney permission in Attorney's sole discretion to communicate with Client via telephone, cell phone, regular mail, certified mail, registered mail, overnight or next day delivery service and email. |
| **LIMITATIONS ON REPRESENTATION** | **ATTORNEY'S OBLIGATIONS TO CLIENT ARE LIMITED IN SCOPE.** Attorney shall be under no obligation to counsel Client or otherwise undertake Client's representation in matters not directly germane or relevant to the discharge in bankruptcy Client seeks. Attorney, for example, shall be under no obligation to undertake Client's representation in pending or later-filed state court litigation, including, but not limited to, any action seeking to repossess Client's automobile or foreclose the mortgage upon Client's home. Attorney shall likewise be under no obligation to counsel Client or otherwise undertake Client's representation in or before any other tribunal, including, but not limited to, the federal district court and appellate court. **Attorney is only licensed to practice law in Illinois and cannot represent Client in matters in other states.** Attorney must likewise decline Client's representation in matters pending beyond the customary geographical limits of Attorney's practice. Non-routine bankruptcy representation, such as Client's representation in any adversary proceeding or in connection with the presentation and argument upon a contested motion, are likewise not covered by this Agreement. |

| TERMINATION | Client may terminate Attorney, with or without cause, at will. Attorney's termination will not necessarily relieve Client of the obligation to pay Attorney for services rendered or to reimburse Attorney for expenses incurred. Attorney may assert a lien, including a possessory lien, against or upon Client's money or property in Attorney's possession until payment is properly made or tendered. |
|---|---|
| WITHDRAWAL | Attorney may withdraw from representing Client anytime before the petition in bankruptcy is filed by giving Client notice and an accounting (and refund, to the extent warranted) of the advance payment retainer. Attorney may withdraw from representing Client after the petition in bankruptcy is filed only by seeking the Court's permission. Attorney reserves the right to withdraw its representation if or in the event Client lies; makes any material misrepresentation; urges or otherwise involves Attorney in the commission of a crime or the violation of any ethical precept, rule, regulation or law; unreasonably refuses or declines to accept Attorney's counsel and advice; fails to pay Attorney as promised or agreed; and/or fails to furnish Attorney with the time, attention and general assistance necessary to successfully complete or accomplish Client's legal goal(s). These reasons are illustrative only, and are not exclusive. If or in the event Attorney withdraws his representation, Client will be given a brief (21 days) opportunity to engage another attorney. |
| BREACH | Client will be deemed to have breached this agreement if he/she/it/they fail to pay Attorney as promised or agreed; failed to undertake and/or complete the requisite pre- and post-filing educational courses; misrepresents the existence, nature, identity and amount owed creditors; misrepresents the existence, nature, identity and value of property owned, or income earned; fails to attend court in person when requested by Attorney or otherwise mandated by the nature of the proceedings or applicable law; furnishes Attorney with a false identify, date of birth, address and/or Social Security Number; and enrolls or enlists in the military during the course of representation. These reasons are illustrative only, and are not exclusive. Breach entitles Attorney to withdraw its representation of Client. |
| EXTRA SERVICES | Client may ask Attorney to furnish information, advice and representation that is not otherwise covered by this Agreement or the purpose for which Client hired Attorney. All such counsel, information, advice and representation, subject to Attorney's consent, shall be furnished to Client at Attorney's normal and customary hourly (time expended) rate. This rate is $375.00 per hour, with time expenditures rounded to the nearest whole 0.1 hour, i.e., six-minute increments. Client agrees to pay Attorney within 28 days of the receipt of any invoice for these "extra" services. |
| MISCELLANEOUS | When and where necessary words in the singular form will include the plural, and the masculine form will include the feminine. Client acknowledges this Agreement may have to be filed with the court or otherwise published and hereby grants Attorney permission to do so. Client agrees and grants Attorney permission in Attorney's discretion to employ others in or outside his firm or office to perform routine tasks in furtherance of Client's goals so long as Attorney remains responsible for their performance. Illinois' Rules of Professional Conduct, as now or hereafter amended, shall be deemed and are to be considered part of this Agreement. Client agrees Attorney has the sole discretion to determine whether any misrepresentation by Client is material. This Agreement is entire and complete. It may only be amended in or by another writing signed by both Client and Attorney. If or in the event Client sues Attorney or Attorney sues Client for the breach of this agreement they mutually agree any such action shall be filed in the Fifth Municipal District of the Circuit Court of Cook County in Bridgeview, Illinois. |
| ADDITIONAL TERMS, IF ANY | Inapplicable unless completed in advance of signature. |

(sign) _[signature]_        (sign) _____

(print) _Thomas J Morrow_        (print) _____

(dated) _8/15/11_        (dated) _____


(sign) _[signature]_
For Grochocinski, Grochocinski & Lloyd, Ltd.

(print) _David P Lloyd_
For Grochocinski, Grochocinski & Lloyd, Ltd.

(dated) _8/16/11_

2

Internal File No. _____

## A Brief Guide to the Differences Between the Three Types of Attorney Retainers Recognized in Illinois

Illinois permits attorneys to use only three (3) types of retainers. They are, respectively, the (a) classic retainer, (b) the security retainer and (c) the advance payment retainer.

A "classic" retainer is paid merely to secure the lawyer's availability. It's deemed fully earned upon payment and does not require the lawyer to perform any services for the client, so long as the lawyer remains available to represent the client for or during the specified duration of the retainer. For example, Mr. X and Mr. Y expect to be charged with murder of Mr. Z. Mr. X knows he didn't kill Mr. Z, but he isn't entirely sure about Mr. Y. Mr. X therefore wants to hire the best lawyer in town. He wants to make sure that lawyer doesn't accept other clients that could adversely affect his interests, such as Mr. Y. Mr. X therefore pays the lawyer $10,000 to make sure (a) he isn't hired by Mr. Y and (b) remains exclusively available to Mr. X for the next 12 months.

A "security" retainer secures fees for the services the lawyer is expected to perform. It is **not** considered a present payment for future services. Rather, the money remains the client's property until the lawyer applies the retainer to the charges stemming from the services rendered. Because the funds paid remain the client's property until they are earned, the lawyer must deposit the retainer in a trust account and keep it separate from his own money or property. For example, Client pays Lawyer a $100,000 security retainer in connection with Client's acquisition of land in Arizona. Lawyer furnishes Client with an accounting for the first month of representation detailing

$7,500.00 in time and another $5,000.00 in expenses. Client approves, and Lawyer deducts $12,500.00 from the retainer on deposit in his trust account. Because the security retainer remains the client's property, it stands to reason that the client's creditors could attempt to levy upon or otherwise garnish the funds while they are in the attorney's possession. For example, Mr. X hands his lawyer a $2,500.00 security retainer in connection with his desire to obtain a discharge of his debts in Chapter 7 bankruptcy proceedings. The lawyer deposits the money to a trust account. One of Mr. X's creditors learns of the payment and deposit, and serves the bank and the lawyer with a garnishment. The lawyer is compelled to reveal that $2,500.00 belongs to Mr. X. The court orders the lawyer to turn the $2,500.00 over to Mr. X's creditor. Meanwhile, the bankruptcy was not filed because the lawyer wasn't paid, and the lawyer now expects another $2,500.00.

An "advance payment" retainer is a present payment to the lawyer in exchange for the latter's commitment to provide legal services in the future. It usually consists of a flat or fixed fee, and ownership of it immediately passes to the lawyer. The retainer therefore isn't deposited to a trust account. Since title to the retainer immediately passes to the lawyer, it is extremely difficult if not impossible for the client's creditors to levy upon or otherwise garnish them. The advance payment retainer, then, is particularly useful in bankruptcy or other debtor-creditor cases.

Every client has the unqualified right to discharge his attorney. Every lawyer has the obligation to a refund to the client any unused portion of the retainer paid. The Attorney-Client Retention Agreement you are being asked to sign provides for your payment of a fixed sum as an advance payment retainer. You have the right to insist on

2

another form of retainer, such as the security retainer. We are not prepared to represent you if you do. We think the advance payment retainer has special advantages in your situation. Because you're seeking a discharge in bankruptcy, your creditors could attempt to garnish or otherwise levy upon a security retainer before the bankruptcy is filed. This could or would embroil our firm in collateral litigation that could or would detract from the time and attention we directly spend on your case. This could, in turn, compel you to pay more for bankruptcy services than contemplated or necessary. We think the advantage gained by the immediate transfer of the ownership of the advance payment retainer funds to us is too significant to pass up in these circumstances. Moreover, the use of a security retainer rather than an advance payment retainer would compel us to furnish you with more sophisticated and more frequent accountings of our time and expenses, and would thus compel us to charge you more up front. We hope you agree with our assessment of the situation and approve the advance payment retainer set forth in the Attorney-Client Retention Agreement.

I/We hereby approve of the advance payment retainer set forth in the Attorney-Client Retention Agreement. Dated this __15__ day of __August__, 20__11__.

(sign) _____

(print) _____

(sign) _____

(print) _____

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Form B 201A, Notice to Consumer Debtor(s)  Page 2

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Thomas P Dalton**
Debtor(s)

Case No.
Chapter **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Thomas P Dalton** | X **/s/ Thomas P Dalton**  **August 16, 2011** |
|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor    Date |
| Case No. (if known) | X _____ |
|  | Signature of Joint Debtor (if any)    Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Thomas P Dalton**  
Debtor(s)

Case No.  
Chapter  **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:  **25**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  **August 16, 2011**

**/s/ Thomas P Dalton**  
**Thomas P Dalton**  
Signature of Debtor

.

```
Bridgeview Bank
4753 N. Broadway
Chicago, IL 60640


Bridgeview Bank Group
c/o Wolkin Kelter & Rosen Ltd.
55 West Monroe Street
Chicago, IL 60603


Bridgeview Bank Group
c/o Wolkin Kelter & Rosen Ltd.
55 West Monroe Street
Chicago, IL 60603


Bridgeview Bank Group
c/o Wolkin Kelter & Rosen Ltd.
55 West Monroe Street
Chicago, IL 60603


Bridgeview Bank Group
c/o Wolkin Kelter & Rosen Ltd.
55 West Monroe Street
Chicago, IL 60603


Bridgeview Bank Group
c/o Carlson Partners, Ltd.
2500 S. Highland Ave., Suite 360
Lombard, IL 60148


Bridgeview Bank Group
c/o Greiman Rome & Griesmeyer
24115 W. 103rd, #B
Naperville, IL 60564


Bridgeview Bank Group
7940 S. Harlem Avenue
Bridgeview, IL 60455


Bridgeview Bank Group
7940 S. Harlem Avenue
Bridgeview, IL 60455


Bridgeview Bank Group
7940 S. Harlem Avenue
Bridgeview, IL 60455
```

```
Bridgeview Bank Group
7940 S. Harlem Avenue
Bridgeview, IL 60455


Bridgeview Bank Group
7940 S. Harlem Avenue
Bridgeview, IL 60455


Bridgeview Bank Group
7940 S. Harlem Avenue
Bridgeview, IL 60455


Bridgeview Bank Group
c/o Greiman, Rome & Griesmeyer
200 W. Madison, Suite 755
Chicago, IL 60606


First Personal Bank
14701 Ravinia Ave
Orland Park, IL 60462


Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346


Old Quarry Partners, LLC
6930 West 79th
Hickory Hills, IL 60457


Old Quarry Partners, LLC
6930 West 79th
Hickory Hills, IL 60457


Old Quarry Partners, LLC
6930 West 79th
Hickory Hills, IL 60457


Patrick Durkin
20 Surrey Hill Road
Palos Heights, IL 60463


Patrick Durkin
20 Surrey Hill Road
Palos Heights, IL 60463
```

```
Patrick Durkin
20 Surrey Hill Road
Palos Heights, IL 60463


Robert Wagner
32 Poole Court
Batavia, IL 60510


Robert Wagner
32 Poole Court
Batavia, IL 60510


Robert Wagner
32 Poole Court
Batavia, IL 60510
```